**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:25-cv-22547-DPG**

**EVANSTON INSURANCE COMPANY,**

     **Plaintiff,**

**v.**

**KINSALE INSURANCE COMPANY,**

     **Defendant.**

**ORDER**

    **THIS CAUSE** has come before the Court on Defendant Kinsale Insurance Company's Amended Request to Take Judicial Notice in Support of Defendant's Motion for Final Summary Judgment (the "Request"), [ECF No. 42], pursuant to Rule 201 of the Federal Rules of Evidence. Having reviewed the Request and the attached certified copies of the court filings in the state court action, and being otherwise fully advised in the premises, therefore it is hereby **ORDERED AND ADJUDGED**:

1. The Request to Take Judicial Notice, [ECF No. 42], is **GRANTED**.

2. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the following certified copies of the court filings and their respective attachments in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, captioned *Robert Wilton Cox v. Roadway Intelligent Transportation Systems Corp.* ("Roadway")*, et al.*, Case No. 2023-023166-CA-01 (the "Underlying Action"):

   A. Amended Complaint (DIN 45, Feb. 5. 2024)[1]

---

[1] "DIN" refers to the docket entries in the Underlying Action.

1

B.       Amended Crossclaim filed by SkyTec, Inc. (DIN 101, Aug. 30, 2024)

E.       Final Summary Judgment (DIN 159, Aug. 13, 2025).

"[C]ourts may take judicial notice of documents from a prior proceeding because they are matters of public record and 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" *Zurich Am. Ins. v. Southern-Owners Ins. Co.*, 314 F. Supp. 3d 1284, 1300 (M.D. Fla. 2018) (quoting *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010)); *see Valez v. Florida*, 2026 U.S. Dist. LEXIS 73593, at *1 n.1 (S.D. Fla. Apr. 3, 2026) (same) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)). "Courts routinely take judicial notice of court filings." *Caruso v. List*, No. 17-CV-62160-Rosenberg/Seltzer, 2018 U.S. Dist. LEXIS 243186, * (S.D. Fla. May 10, 2016) (citing *Horne*, *Id.*). Rule 201(c)(2) explicitly states that judicial notice is mandatory when a party requests it and provides the necessary information.  Fed. R. Evid. 201(c)(2).

The Court does not need to take judicial notice of the following court records, but recognizes the parties' stipulation that such motion and response were filed, the result of which was entry of the Final Summary Judgment (E above), as set forth in paragraphs 8 and 9 of Defendant's Motion for Final Summary Judgment [DE 38]:

C. Cross-Defendant Roadway's Motion for Final Summary Judgment on Cross-Plaintiff SkyTec's Amended Crossclaim (DIN 131, May 2, 2025); and

D. SkyTec's Response to Cross-Defendant's Motion for Final Summary Judgment (DIN 136, Jun. 10, 2025)

**DONE AND ORDERED** in Chambers in Miami, Florida 14th  day of July 2026.

_____

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

2